UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION JERMAINE RANDOL VACCARO, | No. 2:22-cv-1984-EFB (PC) |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| SAPIEN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel[1] in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, he has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

<u>Application to Proceed in Forma Pauperis</u>

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

---

[1] The court notes, in response to plaintiff's request for proof of the same, that he proceeds pro se. *See* ECF No. 5. The Clerk of the Court shall terminate ECF No. 5.

1

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

<u>Screening Order</u>

Plaintiff's claim is that in October of 2021, defendants Sapien, Wilson, Plassmeyer, D'Agostini, Incompero, and Houlston admitted to stealing mail containing "semi-nude" pictures of plaintiff's wife. ECF No. 1 at 7-8. As discussed below, plaintiff's complaint is dismissed with leave to amend for failure to state a claim upon which relief could be granted.

First, an isolated incident of tampering with a prisoner's non-legal mail generally does not give rise to a constitutional violation. *See Davis v. Goord*, 320 F.3d 346, 351 (2d. Cir. 2003) (holding that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (holding that an isolated incident of mail interference, absent any evidence of improper motive, does not give rise to a constitutional violation); *Watkins v. Curry*, 2011 U.S. Dist. LEXIS 123356, 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011) (citing *Lingo v. Boone*, 402 F. Supp. 768, 773 (C.D. Cal. 1975) ("Absent evidence of a broader plan or course of conduct to censor plaintiff's mail unconstitutionally, an honest error by prison officials does not justify relief under § 1983."). Plaintiff's allegations show, at worst, a single instance of mail interference, which does not give rise to a constitutional violation.

Second, to the extent plaintiff is alleging that the stolen pictures amount to a negligent or unauthorized deprivation of property by state officials, the claim is not actionable. This type of federal due process claim is not cognizable where the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 532-33 (1984). California provides an adequate remedy for inmates who suffer property loss at the hands of prison employees. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 844.6, 900-915 and *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

Finally, plaintiff has named Sheriff D'Agostini as a defendant simply because of his role as a supervisor, which is also not a proper basis for liability. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Although it appears unlikely that plaintiff can cure the defects in his complaint by way of amendment, the court will grant him leave to amend in an abundance of caution.

Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.
/////

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 8) is granted;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. The Clerk of the Court shall terminate ECF No. 5;

4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

5. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: January 5, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5