1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DION JERMAINE RANDOL VACCARO,          No. 2:22-cv-01984-EFB (PC)

12                 Plaintiff,

13          v.                                ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14    SAPIEN, et al.,

15                 Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  After dismissal of the original complaint pursuant to 28 U.S.C. § 1915A (ECF

19    No. 12), plaintiff has filed an amended complaint (ECF No. 18), which the court must screen.[1]

20          The amended complaint alleges that in October of 2021, defendants Sapien, Wilson,

21    Plassmeyer, Incompero, and Houlston each "in some fashion" were involved in the theft of

22    plaintiff's outgoing mail containing "semi-nude" pictures of plaintiff's wife.  ECF No. 18 at 1-2.

23    Plaintiff alleges that the theft was not an honest mistake but rather a "crime" committed with a

24    wrongful intent that has caused him mental anguish.  *Id.*  Plaintiff does not state which defendant

_____

25          [1] Federal courts must engage in a preliminary screening of cases in which prisoners seek
26    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
      § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion
27    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
      relief may be granted," or "seeks monetary relief from a defendant who is immune from such
28    relief."  *Id.* § 1915A(b).

                                              1

1   stole his photos, only that "in some capacity" the defendants were "involved in the theft . . . , the

2   investigation that followed and the apology issued to [plaintiff] as a result." *Id.*  Plaintiff also

3   alleges that unnamed "prison officials" have mishandled his mail for years.[2]  *Id.*  Plaintiff asserts

4   that the mishandling of his mail has violated his right to due process.[3]  *Id.* at 2.

5            The prior screening order noted that an isolated incident of tampering with a prisoner's

6   non-legal mail generally does not give rise to a constitutional violation.  *See Davis v. Goord*, 320

7   F.3d 346, 351 (2d. Cir. 2003).  Plaintiff emphasizes through his amended complaint that the theft

8   of his photos was not an isolated incident, but rather, a continuation of mail tampering that has

9   persisted for years.  This vague and conclusory assertion, however, is not enough to save

10  plaintiff's complaint.  Not only does plaintiff fail to specify which of the named defendants

11  allegedly stole his photos, he also fails to allege that any of them had anything to do with any

12  prior instances of mail tampering.  Because plaintiff does not include any specific factual

13  allegations against the defendants, he has not sufficiently linked them to any allegedly

14  unconstitutional conduct.  *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

15  subjects another to the deprivation of a constitutional right if he does an act, participates in

16  another's act or omits to perform an act he is legally required to do that causes the alleged

17  deprivation); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when

18  the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

19  defendant is liable for the misconduct alleged.").

20           Moreover, the court previously informed plaintiff that the allegations in his original

21  complaint were not sufficient to state a due process claim.  Plaintiff's amended complaint appears

22  to emphasize that the taking of his photos was not an honest mistake, i.e., negligent, but rather, an

23  intentional deprivation of his property.  Plaintiff maintains, however, that the taking of his photos

24  was unauthorized.  *See* ECF No. 18 at 1-2 (describing the theft as "wrong" and claiming that

25           [2] The inmate grievance forms attached to the amended complaint to substantiate this
26  allegation do not reference any of the defendants.  Instead, they reference non-defendants by the
    names of Handy, Garcia, and Anderson.  *See* ECF No. 18 at 4-5.

27
             [3] The complaint does not include a request for relief.  *See* Fed R. Civ. P 8(a)(3) (requiring
28  that a complaint contain a demand for judgment for the relief sought).

1    someone tried "to cover their tracks in the investigation that followed").  This type of federal due

2    process claim is not cognizable where, as here, the state provides an adequate post-deprivation

3    remedy.[4]  *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§

4    844.6, 900-915 and *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).  Accordingly, the amended

5    complaint, like the original complaint, fails to state a cognizable due process claim.

6         Despite notice of the deficiencies in the complaint and an opportunity to amend, plaintiff

7    is unable to state a claim upon which relief could be granted.  The court finds that further leave to

8    amend is not warranted.  *See Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997)

9    (denial of leave to amend appropriate where further amendment would be futile).

10        Accordingly, it is ORDERED that the Clerk of the Court randomly assign a United States

11   District Judge to this action.

12        Further. It is RECOMMENDED that plaintiff's amended complaint (ECF No. 18) be

13   DISMISSED without leave to amend for failure to state a claim upon which relief could be

14   granted.

15        These findings and recommendations are submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17   after being served with these findings and recommendations, any party may file written

18   objections with the court and serve a copy on all parties.  Such a document should be captioned

19   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

20   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

21   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

22

23   Dated: February 15, 2023.

24                                          EDMUND F. BRENNAN
                                           UNITED STATES MAGISTRATE JUDGE

25

26        [4] The court notes that prisoners do not have a Fourth Amendment right to be free from the
     search or seizure of their personal property. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984). To the
27   extent that the conduct complained of exceeded an appropriate search and/or seizure of any
     prohibited items, the California Government Code provides post-deprivation remedies for a
28   wrongful seizure and plaintiff's allegations have not shown how those remedies are inadequate.

                                              3